Good morning, ladies and gentlemen. We are here for oral arguments today, which we are, as usual these days, conducting by Zoom. Our first case for today is Thomas Ostrowski against Lake County, Indiana and other defendants, and we will begin with you, Mr. Rose. Thank you, Your Honor, and may it please the Court. For two reasons, the District Court's conclusion that this action is barred by a 2017 settlement agreement resolving unrelated litigation is erroneous. First, the agreement did not serve to release any claims that arose after it was executed, and each monthly failure to provide a cost-of-living increase represents a distinct legal claim. And second, even were that not so, under the terms of the agreement, no defendant other than Lake County itself may benefit from the Mr. Ostrowski was not releasing any claims that arose after February of 2017, but whether the COLA is viewed as an installment obligation, similar to what the Supreme Court addressed in Bay Area Laundry, or whether it's viewed as a repeated but substantively similar act of discrimination, similar to the example that this Court gave in Hariah, I think the law is clear that each failure to Why is it that we should look at it that way instead of saying that there was one critical decision that was made, which was to structure the disability plan in a way that did not provide COLAs, and that never changed, did it? Judge, that did never change, but if that were actually the state of the law, then Mr. Ostrowski would have had to bring this case back when he retired in 2003. And if we had done that, I think this Court would have looked at us like we had three heads, five years before the COLA was extended to surviving spouses, 13 years before he would be entitled to a COLA, even under our own argument. I think in a post-led better world, the law is quite clear that when you come to So could I ask you, since you mentioned led better, of course, you know, your whole argument is very reminiscent of that. Should we place any weight on the fact that in the led better situation itself, it required legislation by Congress to make clear that each paycheck was a separate event? Judge, I don't think so. I think led better stands broadly for the Congress's proposition that when you're talking about discrimination, any form of discrimination, separate payments represent separate causes of action, separate claims. And that's what we're looking at ultimately in this case. What it means from a practical perspective is that when the county failed to provide Mr. Ostrowski with a COLA in March of 2017, that is a claim distinct from his failure to do so in January of 2017. And I think the fact that we're talking about a COLA, which by its nature differs from year to year, very much underscores the differences that we're talking about. In some years, and there are several on the record, the COLA was set at zero percent. In those years, Mr. Ostrowski is not injured at all. In other years, the COLA may have been minimal, such that while there's injury in the Article 3 sense, it might not have justified federal litigation in his mind. In other years, it's more substantial. The bottom line, I think, though, is when the county fails to provide Mr. Ostrowski with a COLA in 2022 or 2017, that gives rise to a claim in 2022 or 2017. It's not one claim that existed from 2003. If that were the case, I think we might have bigger problems than the contractual release problem here. What the county primarily rests its argument on is this court's decision in the fair case, which gave effect to and applied a forward looking release. Obviously, we do not dispute that under certain circumstances, a forward looking release may be given effect. It says absolutely nothing about whether the release in this case is actually forward looking. And quite clearly, it is not. So before you go any further, could I then direct you? I know there in paragraph two, I'm looking at page 22 of your appendix, the last sentence of the first big paragraph under two is something I know you're relying on. No rights or claims arising after the execution of this agreement are waived hereby. But can you reconcile that language for me with paragraph four on the next page that says Ostrowski understands that he may have damages or claims that are unknown to him at present and that these damages or claims may arise, develop or be future? And judge, the language that you're quoting from paragraph four ends with except to the extent that they relate to events which have not not yet occurred. We don't dispute that if if Mr. Ostrowski had suffered an injury prior to 2017 and the claim existed at that point, even if he was unaware that he had been injured or unaware of the extent of his injury, it would likely affect that claim. The way the county reads paragraph four is is that paragraph four says essentially everything we said in paragraph two, which was far more explicit in paragraph two. Wait, never mind. We did not mean that. And obviously, that is not how a contractual interpretation works. And Rose, before you shift gears on this question of timeliness of claims, your brief relies primarily on federal cases. I know you've got a couple of Indiana cases in a footnote, but would you agree that what we're really doing here, though, is is applying Indiana law where I understand your position to be that at least for purposes of statutes of limitation claim preclusion, these installment payment claims don't arise until the payments are due. Under Indiana law, obviously, the contract has to be interpreted under Indiana law. When when you look to a term like claim, I think you quite likely have to look to the substantive law governing the claim that's actually brought. But the contract itself is certainly interpreted under Indiana law. We have relied primarily on federal law because that's where the case is interpreting terms such as claim arise. No, no, no pun intended. We also we also cited multiple Indiana decisions that apply very similar principles to to Bay Area laundry. So ultimately, I don't think that it it matters whether whether I don't think there's a difference between whether we're applying federal law or or Indiana law. And I should should note the parties have gone around and around, obviously, about what a claim actual actually means under the law. And obviously, that's appropriate given what the contract says. Paragraph one of the agreement is explicit that miss that Mr. Ostrowski's pension or other retirement benefits to which he is entitled are not affected in any way by by the release. Obviously, our argument on the merits is these are benefits. The cola is a benefit to which he is entitled. We've obviously rolled that argument into our argument concerning the definition of a claim. And I think that's entirely appropriate. But I also don't want it to be lost that there is a very specific carve out for claims pertaining to his pension or retirement benefits, which which is why we are obviously here in this case. Can I ask you a clarification question about how your argument relating to timing intersects with your argument, which you may have been about to get to about which parties are covered by this earlier release? Because I just want to know, are all things just forward from that March 2017 date, or is it your position that the claims against the sheriff's office and the treasurer and the pension committee can reach back as far as the statute of limitations would permit the latter? Your Honor, I think there's a very small overlap, given given when we filed the case, the two year statute, I think, began to run in on three three years, at least as relates to the sheriff. And then we amended the complaint to bring in the other two defendants in January. So there may just be three months. I'm sorry. There may just be a one month overlap there. But certainly to the extent that the sheriff, the treasurer and the pension committee are not even included within the terms of the release. And obviously, it's our position that they are not. Then the release doesn't apply on a forward or backward looking basis. At the risk of sounding a little slow on this, let me get this straight. I understood your position, Mr. Rose, to be that you could avoid the settlement defense on either the timeliness issue or the related defendants issue and that either would be sufficient. If we agree with you on the timeliness issue on forward future accruing claims, are you saying we also need to decide the related defendants issue? I think you do, Judge. I think as a practical matter, the only difference is that it affects the relief to which we're entitled. If if all of the defendants were named in the release, then we're talking about only injury that occurred February of 2017 on forward. If only the county was affected by the release, then the relief we can get against the other defendants dates back slightly before that. So I'm sorry, Judge. How far does it go back? For the for the pension committee and the treasurer, they were amended into the case January 2nd. So the two year would have been a month before the agreement was reached. The county and the sheriff's the sheriff was initially named as a defendant in November of the previous year. So it would go back a month and a half before that. Would it be? Let me just ask because this is that's not how I had understood the brief. So I'm catching up with you on this. But if we were to agree with you on the first point, on your first point, in essence, and also said, in essence, we're going to give full effect to this sentence at the end of paragraph one, that nothing here is going to affect anything related to his pension. We could avoid this rather it has a kind of magical quality trying to decide when is a sheriff, a county officer, et cetera, and it leaves me, frankly, very much at sea. I'm sorry, Judge, I missed the very end of your comment there. The debate about who is about the relationships among the different defendants in the two different cases leave me puzzled and mystified. Let's put it that way. And I think I think one reason for that is that the parties have obviously in the 2017 case obviously borrowed significantly from corporate language, which has limited usefulness, I think, in interpreting a case where the county is a party. I think I think there is a, as I say, a very limited extent to which reaching the second issue will affect the relief to which we're entitled, even if the court reverses on the first issue. Speaking quite frankly, the difference is minimal enough that I'm positive my client would be happy regardless. But I think as a matter of whether it's necessary, it probably is. If the court has no further questions, I'll reserve the floor. I do have a question, Mr. Rose, based on something you just said. You said that corporate law has limited usefulness in helping to understand this contract between the parties. But most of most of what you're relying on for the definition of officer comes from the agency definition of officer. So can you reconcile that for us? Judge, I'm sorry. Limited usefulness was the wrong verbiage there. It is very difficult. It's very difficult to perceive as the sheriff, as an affiliate or related entity of the county because those terms have established meaning in corporate law that, quite frankly, does not apply to the sheriff. I use the phrase limited usefulness that that perhaps was the exact opposite of what I should have used. I think corporate law is exactly what has to be looked to to interpret the the agreement. I don't think I don't think anyone would refer to a sheriff or a treasurer as an affiliate or a related entity of Lake County. Thank you very much. Thank you, Mr. Rose. Mr. Carwoth. You need to unmute. Sorry about that. Thank you. May it please the court. I would like to start with the last issue that was that was just addressed because I think it is an important issue. The settlement agreement that Mr. Ostrowski reached was with governmental entities. And so when you're talking about the scope of that release and who's an officer, an affiliate, an employee, agent, related entity of a governmental entity, you wouldn't look to corporate law in corporate definitions of what a corporate officer is or a corporate related entity or affiliate. You would look at you would look to the general definitions and and to the extent there's unique circumstances as what's an officer of a county in particularly under Indiana law. You would look at that to decide what's the scope of that release. And I think that's important. It seemed to me that the district court's notion of what it takes to be affiliated somehow or related was just tremendously broad. And we do assume when legislatures write things, whether it's about the structure of Indiana government or whatever else they've done, that they're using words in their common legal meaning. And, you know, I could say, you know, that that I am in a close association with my colleagues, Justice Jackson Acumi and Judge Jackson Acumi and Judge Hamilton. But if I settle a case, then I haven't settled it for them. Taylor against Sturgill makes clear that each person litigates for themselves. And so in Indiana, as in most states, there's a complex relation between the sheriff's office and the county. They're independent constitutional officers, but the county pays the bills. And so they often get named for indemnification purposes. But they really are quite separate. The sheriff doesn't report to the board of commissioners of a county. The sheriff is an independent constitutional officer. And I think that's when if you look at our briefs, we although the trial court decided the issue on the issue of affiliate, we have argued that I believe perhaps a stronger argument that affiliate exists under the word officer for the sheriff and the treasurer. The Constitution of Indiana, Indiana Code, statutory provisions that we've cited all refer to the sheriff and the treasurer as being an officer of the county. And that definition is not inconsistent or in conflict with the general definition of officer. The Black's Law Dictionary definition of an officer is someone who holds an office of trust, authority or command. And then in public affairs, the term refers especially to a person holding public office under a national, state or local government. But under, you know, so so there's, you know, there are plenty of officers around, but they certainly in the corporate world can be relieved of their duties by the corporation itself. The board of directors can fire the president. The board of directors can fire the chief financial officer or others. And Lake County does not have that kind of control over a sheriff. Or for that matter, the treasurer. You're absolutely right. And I think that there are, again, incorporating the corporate notion of an officer as essentially just an agent is not applicable in this circumstance because the release that Mr. Ostrowski signed was not with a corporate entity. It was with a governmental entity, governmental bodies. And so when you talk about what officers, what affiliates and related entities, it has to be in that context. And I will note that while we're looking at, you know, the definitions and the plain ordinary meaning, the word. Could I just ask you a question, though, before you get into plain meeting and stuff? Sure. The sheriff was not given a seat at the table when Mr. Ostrowski settled his E911 claim. And I don't see any evidence that anyone from Lake County was representing the interest of the sheriff's office, nor do I see the path through which that would happen. Well, certainly, in order to be a third party beneficiary of a release, you do not have to have a seat at the table when that release is drafted, whether it's a release of a governmental entity, a corporate entity or otherwise. That's true. But Indiana law is pretty strict about what it takes to make somebody a third beneficiary. What reason is there to think that Lake County, not to mention other entities such as the sheriff's office or the treasurer or the pension committee, would qualify as third party beneficiaries? Well, certainly. You didn't cite Indiana cases using that theory in your brief that I recall. Well, I'm certainly reacting somewhat here today to what Mr. Rose had argued on behalf of Mr. Ostrowski. But again, I think the key language is, at least with respect to the sheriff and the treasurer, is that they're officers. And it may not be exactly akin or fit into the notion of what a corporate officer or an  different entities. And so it also wouldn't make sense to use that type of a definition, that narrow type of a definition in the context of a settlement with a governmental entity. And it is true that the county commissioners don't control the sheriff and the sheriff doesn't control the county commissioners. But all levels of our government have various different branches and affiliated positions and entities. And to then say that they're not officers or they're not affiliated or they're not related entities of Lake County because they don't fit into the corporate notion of that, I think ignores the underlying release was with a governmental entity. Can I take again from the tenor of your argument that you are no longer arguing that they're under common control because they're all ultimately controlled by the voters? Because again, I thought that was far too broad. That in Cook County, that would mean that the state's attorney of Cook County was somehow affiliated with the Chicago Park District because the voters vote for the park district people and they they just are completely different entities. Certainly, if if the definition of affiliate from the corporate world was trying to be bootstrapped and shoehorned into the context of government, that that argument, I think, would be appropriate. Because I ask you to get back to what I'll loosely call the Bay Area laundry issue. And I have to say, at least in my not only in the footnote and plaintiff's brief and at least our own explorations here in Indiana law, Indiana law's notion of what's a when a claim arises for purposes of statutes of limitation or when claims are identical for claim preclusion purposes seems pretty consistent with the Bay Area laundry. Do you have some contrary law? Well, I do want to discuss the Bay Area line of authority. I think in the case that would be most applicable is another case cited in the brief of Mr. Ostrowski. It's a Seventh Circuit case after Bay Area. It's Lavelle versus Kuiper at 189 F. 3rd 492. And in that case, the Seventh Circuit discussed when what the general rule is for purposes of statute of limitation of when a claim would accrue. And the general rule is the first injury rule. And the court in that case, which was a Bivens case. All right. But that doesn't really deal with the problem of installment payments, does it? Well, it mentions the exception for installment payments, which it says is a is is a limited exception and that the general rule is that there is a first injury that would then the claim would accrue and limitations would begin to run. In this case, you know, there's an argument being made that these are installment payments, but those are payments under the terms of the plan. And Mr. Ostrowski is not suing under the terms of the plan. He's been paid everything that he's entitled to under the plan. And as Judge Wood noted first, one of her first questions, the real issue here is the design of the plan. That design is what he's suing about. And he's not suing under the plan. He's suing under the Constitution. So as Mr. Rose pointed out, though, under the concepts that are reflected in in cases today post-Ledbetter, each time he gets a paycheck, there's a fresh injury and sometimes the injury may be down to zero if the COLA was zero of late. Regrettably, you know, we have fairly high inflation rates. So people who are entitled to a COLA that reflects the year 2021, I assume, will will get a decent COLA. So every paycheck is reflecting a different type of injury. I agree that if the plan like an installment contract said you get paid X dollars in an installment contract, you miss the payment of X dollars, then you would have a fresh injury that you wouldn't have known about and it would be a different injury. But in this case, his injury of not being eligible for a COLA is something he's known about since 2004 by his own testimony. And it's the same injury. He's claiming an injury based on on something that's not in the document and that he would have no expectation for a COLA every month because it's not in the design. So he's making an argument on independent ground, legal grounds, independent of the terms of the plan. That's not really responsive. Could I ask you to go back to answer my question, Mr. Carwoth, about Indiana law that you think supports your position on this point in the case of the way Indiana treats installment payments or rental obligations, for example? Sure. Well, again, I think our argument is that this isn't an installment payment. It's a claim for a COLA under the Constitution. Certainly, if Mr. If we had not paid Mr. Ostrowski, the benefits that are called for under the plan is written. He would have a new claim. Well, OK. OK, but but but the fact is that he's asking for a payment that is not provided for in his in his plan. And that's a merits argument, though. That's not a claim. I don't understand how that deals with the accrual. Suppose the county just started paying him half of what the plan provided. And he did nothing for, let's say, two years or three years, and then finally said, oh, wait a minute, you know, this is important, I want to raise a claim now, maybe the statute is run on part of my on some months, but but I want to enforce the plan now. Would that be barred by the statute of limitations, for example? Any challenge that that just seems to be completely inconsistent with the way I understand Indiana law on this subject? Sure. Well, and I think it's also a distinction between a a statute of limitation standard and a release of claims standard. Well, you would you're arguing as if there is a law of the general release. That's the way your brief reads, which I don't understand. We're interpreting legal language in a specific contract that refers to arising a claim arising. And that's a pretty familiar concept across a number of different contexts. Is it special for releases? Well, certainly the fair case discusses what the standard is for release. And then the ARIA case, your language, though, expressly look to forward future claims and release those which you can do is Mr. Rose acknowledges. Could I ask you to explain to us what you think we should do with the last sentence of paragraph one in the release and the last sentence of paragraph? The first paragraph of paragraph two. In the paragraph, one says none of this affects his pension or his benefits, et cetera. Sure. Well, on that, I believe the proper way to apply that is that his benefits are what are what's put out in the benefit plan and the benefit plan doesn't provide for a COLA. So his claim for a COLA doesn't arise under the benefit plan and isn't a claim for benefits under the plan. So I don't think that provision would have effect here because his claim is that I'm entitled to a COLA because somebody else's plan has a COLA and mine doesn't. And that's not a claim for benefits under his plan. Let me ask you a broader question about the relief you're seeking. If we get past the release issue and decide that Mr. Ostrowski can proceed, it seems to me you're asking us to affirm summary judgment on the merits in your brief. But this is a thick record and district courts are often better suited to sort through this. Why should we not send it back for adjudication on the merits? Well, sure. The standard rule is that if it's, as cited by Mr. Ostrowski's brief, is that if it was a procedural decision, it should go back to the trial court. But this wasn't a decision based on a procedural ground. If you look at the cases that he cites, they talk about lack of jurisdiction, a habeas case where somebody failed to take proper steps to preserve their claim and it was bounced out without addressing the merits. If a release applies, that is a merits decision and it was decided on cross motions for summary judgment where all of these issues, including the substance of the claims and whether he's got an equal protection or an ADA claim or a claim under the Indiana statute he cites, those were all fully briefed and argued. And so in the context of the Court of Appeals having to deal with this case on appeal, it and if it can affirm based on any basis that's in the record, and that's what the law is, then it certainly has the right to do so. It's a summary judgment proceeding. So I don't know why the trial court would have any more particular specialty or ability to address the issues. It's a de novo review here in this court. It's the same standard that you all would apply in the cases now here pending. And if it's a case that could be affirmed by addressing those additional issues, then the overall judicial economy would be saved rather than sending it back down to have another judge decide it, then to have another appeal come back up. And I think, you know, obviously... Well, with the indulgence of my colleagues, could I just ask you one quick question about the merits of the Indiana law claim? Yes. Can you direct us to other pension or benefit plans provided under state law that expressly provide in statutes for COLAs? I'm not sure I understand your question, Your Honor. The question is whether the Indiana legislature on occasion in establishing pension or similar benefit plans provides expressly for COLAs. I believe there are instances that employee pension plans operated by the state of Indiana provide expressly for a COLA, and there's certainly... Is that under the PERF or some of the individual department plans, or can you be more specific? Or I can look on my own. Yeah, I'm sorry. Off the top of my head, I would be fearful that I might misstate and say one of the things as a COLA, but I am aware that there are a number of benefit programs that have a COLA. It's not a rare or extremely unusual thing to have a COLA. COLA's existed as... Okay. Thank you very much, Mr. Carwath. I think we have your position. And because we had a little extra time, Mr. Rose, if you would like a minute to hit some high points for rebuttal, you may have it. Thank you, Your Honor. And I know I'm short on time, so I will just make one quick point. The release language in this case obviously refers to terms such as affiliates, related entities, shareholders that have a meaning exclusively in the corporate context and have no independent meaning in the governmental context at all. The county is now suggesting that the fact that we're here and the agreement was with a governmental entity means that the term officers, for some reason, unlike the other terms in the release, should not be one that this court looks to the corporate context for. The release, I assume, was drafted by the county's lawyers? My assumption, Your Honor, is that it was drafted by the county's lawyers. I think the record reflects that Mr. Ostrowski initially filed the independent case pro se. He did have counsel by the time settlement negotiations were entered into. Thank you very much. Thank you very much. Thanks to both counsel. We'll take the case under advisement.